Filed 7/20/16  P. v. Cole CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065188 |
| v. | (Super.Ct.No. SWF028865) |
| JEFFREY MICHAEL COLE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jeffrey Michael Cole appeals from an order denying his petition to reduce his receiving stolen property (Pen. Code, § 496, subd. (a)) conviction to

a misdemeanor under Penal Code section 1170.18, enacted as part of Proposition 47.[1]

We find no error and will affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

In July 2009, defendant received stolen property in the form of miscellaneous tools and compact discs.

On July 20, 2009, a felony complaint was filed charging defendant with receiving stolen property (§ 496, subd. (a)). The complaint further alleged that defendant had suffered two prior prison terms (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On July 30, 2009, pursuant to a negotiated plea agreement, defendant pleaded guilty to receiving stolen property and admitted that he had suffered one prior prison term and one prior strike conviction. In return, the remaining allegation was dismissed and defendant was sentenced to 44 months in state prison.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).) Among the crimes reduced to misdemeanors by Proposition 47,

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

rendering the person convicted of the crime eligible for resentencing, is receiving stolen property where the property value does not exceed $950. (§ 496, subd. (a).) Proposition 47 also included a provision that allows certain offenders to seek resentencing. Defendants who are serving a sentence, or who have completed a sentence, for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence. (§ 1170.18.)

On May 21, 2015, defendant filed a petition to reduce his felony receiving stolen property conviction to a misdemeanor and for resentencing pursuant to section 1170.18. The People filed a response on October 28, 2015, and requested a hearing to determine the monetary value of the property in defendant's possession.

A hearing on defendant's petition was held on December 11, 2015. At that time, defense counsel indicated that he looked at the police report in the case and that the police report noted the "miscellaneous tools which do have an amount in the report of $1,020 in [*sic*] compact disks, without an amount, and there are 300 compact disks." The trial court denied the petition on the grounds that defendant was unable to prove the value of loss was less than $950. Defendant filed timely notices of appeal from that order.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a

3

statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
      J.


MILLER
      J.

4